B. T. HARRIS CORPORATION v. ARDE BULOVA

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 71526

Memorandum filed November 14, 1946.

*Curtis, Brinckerhoff &Barrett,* of Stamford, for the Plaintiff.

*Pullman & Comley,* of Bridgeport, for the Defendant.

DALY, J. The plaintiff, the owner of land in Stamford, has, from time to time, sold various tracts of land, upon which private homes have been constructed. It sold part of its land to the defendant and the deed of conveyance contains, among others, the following restrictive covenant and agreement: "5. No hedge or fence of any kind having a height in excess of four and one-half feet, shall be maintained on said premises, except with the written approval of the grantor, or its successors. 6. The location of shrubbery and planting, and laundry yard, shall also be approved by the grantors, or its successors." The deed also contained the following: "Nothing herein contained is intended or shall be construed as prohibiting or preventing the grantee, his heirs and assigns, from constructing on said premises and maintaining thereon, a private golf course and caddie house."

In the plaintiff's more specific statement it is alleged that the defendant "is engaged in planting a hedge of evergreen trees along the Easterly line of his property, which trees are of a

height of approximately ten (10) feet, and the defendant has planted a hedge of evergreen trees along his Southerly boundary line, which actions are in violation of the restrictive covenants contained in the defendant's deeds."

The distance from the center of the base of the trunk of each tree to the center of the base of the trunk of the next one in line is about ten feet.

The defendant claims that the plaintiff cannot complain about the line of trees along the southerly boundary line of the defendant's property because the plantiff has sold the land it formerly owned adjoining the defendant's land on the south. The plaintiff is still the owner of premises situated to the east of the property of the defendant. Consequently, it can object if the defendant violates any restrictive covenant or agreement.

The defendant claims that the two lines of trees are part of a private golf course and, therefore, he is not prohibited from maintaining them. He claims that trees protect travelers upon the road as they prevent golf balls, in flight, from hitting them and that they define the course. It is also claimed that the trees along the southerly boundary of the defendant's property form a background which tends to prevent overshooting the green nearby. The additional claim is made that the trees give the course character and beautify it.

Each line of evergreen trees as planted and planted as the defendant intended constitutes "a hedge . . . having height in excess of four and one-half feet." The written approval of the plaintiff, the grantor, was not had. The defendant has violated the restrictive covenant in question.

The next question is whether under the provisions in the deed the defendant can plant and maintain these lines of evergreens as part of his private golf course, notwithstanding that as planted and as intended to be planted they constitute a hedge. They do not protect travelers upon the adjoining highway. In fact they increase the danger as they tend to prevent a traveler on the highway from seeing a ball hit towards him. It is not necessary to have them planted as close to each other as they are in order to define the course and to form a background tending to prevent overshooting a nearby green. If they were planted in a line sufficiently far apart to prevent them from forming a hedge they would still define the course, form a background

which would tend to prevent one playing the course from over-shooting a nearby green, and they would give the course character and beautify it.

The restrictive covenant does not prevent the defendant from planting and maintaining evergreen trees upon his property. The plaintiff is entitled to relief only because of the manner in which they are planted and maintained. If they are planted and maintained sufficiently far apart, a hedge or hedges will not result. Considering all of the evidence and aided by my recollection of the property gained as a result of a view of it, I am of the opinion that if the evergreen trees upon the defendant's property are planted and maintained so that the distance from the center of the base of the trunk of each tree to the center of the base of the trunk of the next tree in the line is not less than twenty-five feet, then the restriction will not be violated.

The issues are found for the plaintiff and judgment is rendered for the plaintiff enjoining the defendant from planting and maintaining a line or lines of evergreen trees upon his premises in such a manner that the distance from the center of the base of the trunk of any tree to the center of the base of the trunk of the tree next in line is not less than twenty-five feet, together with its taxable costs. It is suggested that counsel for the plaintiff prepare and submit a form of judgment, drawn in accordance with the terms of this memorandum, and that counsel for the defendant be given an opportunity to examine it before it is submitted.